IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

## STATE OF TENNESSEE v. JODI N. TEETS

**Appeal from the Circuit Court for Robertson County**
**No. 2014-CR-318     William R. Goodman, III, Judge**

_____

**No. M2015-00777-CCA-R3-CD – Filed February 10, 2016**

_____

Defendant, Jodi N. Teets, appeals her Robertson County conviction for assault. Her single issue on appeal is a claim of insufficient evidence of bodily injury to sustain a conviction for an assault. Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROGER A. PAGE, J., joined.

Roger Nell, District Public Defender; and Collier W. Goodlett, Assistant District Public Defender, for the appellant, Jodi N. Teets.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

On April 16, 2014, Defendant was indicted by the Robertson County Grand Jury for one count of assault and one count of disorderly conduct. Defendant elected to waive her right to a jury, and the case proceeded to a bench trial on January 14, 2015.

There was no court reporter, and thus, no transcript appears in the record. However, Defendant submitted a statement of the evidence pursuant to Tennessee Rule

of Appellate Procedure 24(c). The record does not contain any objection by either the State or the trial court. Therefore, the statement of the evidence "shall be deemed to have been approved and shall be so considered by the appellate court." Tenn. R. App. P. 24(f). The following facts were derived from this statement of the evidence:

On October 14, 2013, David Joyce, an off-duty Springfield Police Officer, was returning from a wedding reception in a vehicle driven by Kenneth Bracey. Also in the vehicle were Mr. Joyce's wife, Peggy, and Mr. Bracey's wife, Sandra. Mr. Bracey was driving west on Roy Pearson Road when he encountered a vehicle being driven by Cody Wright, in which Defendant and several others were passengers. The vehicles came so close to each other that the rearview mirrors struck. Mr. Bracey stopped his vehicle, but Mr. Wright kept going. Mr. Bracey turned around and eventually caught up to Mr. Wright's vehicle, which had stopped and was angled in such a manner that it was blocking the road.

As Mr. Joyce and the others exited their respective vehicles, Defendant and Mr. Wright began yelling and cursing at Mr. Joyce and the other occupants of Mr. Bracey's vehicle. When Mr. Joyce came into contact with Defendant and Mr. Wright, he believed both to be under the influence of alcohol. Mr. Joyce identified himself as an off-duty police officer and attempted to calm Defendant and Mr. Wright.

Defendant obtained the keys to Mr. Wright's vehicle, got in the driver's seat, and placed the keys in the ignition. Mr. Joyce and his wife approached the vehicle, and Mr. Joyce took the keys out of the ignition and handed them to the owner of the vehicle.[1] The vehicle's owner handed the keys back to Defendant, who proceeded to get into the car a second time. Defendant drove the car about 50 feet while Mr. Joyce and his wife were attempting to prevent her from leaving and driving while intoxicated. Defendant then exited the car "in an aggressive manner" and began screaming at Mr. Joyce. Defendant approached Mr. Joyce and pushed him into a ditch. As Mr. Joyce attempted to climb out of the ditch, Defendant sprayed him with mace. The mace caused Mr. Joyce's eyes to burn, and he suffered an injury to his little finger as a result of being pushed into the ditch.

Mr. Joyce denied that he hit, shoved, pushed, or touched Defendant in any way prior to her pushing him down the hill and spraying him with mace. Both Mrs. Joyce and Mrs. Bracey likewise denied that they saw Mr. Joyce assault the victim in any manner prior to being pushed and sprayed with mace. Mr. Bracey did not see Mr. Joyce get sprayed with mace but confirmed that Defendant pushed Mr. Joyce down.

---

[1] It is not clear from the statement of the evidence if the owner of the vehicle was Mr. Wright or one of the other passengers.

Defendant testified that she was a passenger in the vehicle driven by Mr. Wright and admitted that she had consumed three to four beers prior to the incident. She testified that when Mr. Wright stopped the vehicle, it was not blocking the road. Defendant explained that when she got back into the vehicle, she was not attempting to leave the scene but was attempting to move the vehicle closer to the edge of the road. Defendant testified that "Mr. Joyce approached her in a forceful manner and was displaying his badge." She testified that Mr. Joyce "jerked" her out of the car and "slammed" her to the ground. Defendant admitted that she sprayed Mr. Joyce with mace but claimed that she did so in self-defense. She denied that she ever pushed or shoved Mr. Joyce.

At the conclusion of the bench trial, the trial court found Defendant guilty as charged of assault. The charge of disorderly conduct was dismissed. The trial court sentenced Defendant to eleven months and twenty-nine days, with 60 days to be served in incarceration and the balance to be served on probation. Defendant filed a timely motion for new trial, which was denied by the trial court on March 27, 2015. Defendant filed a timely notice of appeal.

*Analysis*

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. The relevant question is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In a bench trial, the judge is the trier of fact, and "the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict." *State v. Farrar*, 355 S.W.3d 582, 585 (Tenn. Crim. App. 2011) (quoting *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999)); *see also State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). The trial court's verdict replaces the presumption of innocence with one of guilt; therefore, the burden is shifted onto the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). The prosecution is entitled to the "strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). It is not the role of this Court to reweigh or reevaluate the evidence, nor to substitute our own inferences for those drawn from the evidence by the trier of fact. *Reid*, 91 S.W.3d at 277. "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict "accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." *Reid*, 91 S.W.3d at 277 (quoting *Bland*, 958 S.W.2d at 659). The standard of review is the same whether the conviction is based upon direct evidence, circumstantial evidence, or a

combination of the two.  *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009).

"A person commits assault who . . . [i]ntentionally, knowingly, or recklessly causes bodily injury to another."  T.C.A. § 39-13-101(a)(1).  "'Bodily injury' includes a cut, abrasion, bruise, burn, or disfigurement, and physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty."  T.C.A. § 39-11-106(a)(2).

In the light most favorable to the State, the evidence in this case showed that Defendant pushed Mr. Joyce into a ditch and sprayed him with mace.  Mr. Joyce testified that his finger was injured as a result of being pushed into the ditch, but it is unclear from the statement of the evidence what type of injury he sustained to his finger.  Mr. Joyce also testified that his eyes burned after being sprayed with the mace.  This falls under the statutory definition of bodily injury, which includes "physical pain or temporary . . . impairment of the function of a bodily member [or] organ."  T.C.A. § 39-11-106(a)(2).  Defendant admitted that she sprayed Mr. Joyce with mace but claims that she did so in self-defense.  Whether a person acted in self-defense is a factual determination to be made by the trier of fact.  *See State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).  The trial court, by its verdict, clearly rejected Defendant's claim of self-defense and accredited the testimonies of the witnesses who denied that Mr. Joyce assaulted Defendant prior to being pushed into the ditch and sprayed with mace.  The evidence is sufficient to sustain Defendant's conviction for assault.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE